## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALBERT AND MARIE RODRIGUES, | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | Case. No.:  3:08-CV-01417 (PCD) |
| J.P. MORGAN CHASE BANK, | : | |
| AS TRUSTEE, AND GMAC | : | |
| MORTGAGE CORPORATION, | : | |
| Defendants. | : | |

## RULING ON DEFENDANTS' SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT

Plaintiffs Albert and Marie Rodrigues brought this suit against Defendants J.P. Morgan Chase Bank ("J.P. Morgan"), the holder of a note and mortgage obtained by Plaintiffs, and GMAC Mortgage Corporation ("GMAC"), the servicer of the mortgage for J.P. Morgan (collectively "Defendants").  Plaintiffs allege that Defendants breached a forbearance agreement Plaintiffs entered into with Fairbanks Capital Corporation, the servicer of the note and mortgage before GMAC.  The Amended Complaint alleges three causes of action: 1) breach of contract; 2) intentional infliction of emotional distress; and 3) violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), CONN. GEN. STAT. § 42-110b(a).  On November 3, 2009, this Court granted Defendants' summary judgment motion as to the intentional infliction of emotional distress claim (count 2).  On October 8, 2010, Defendants filed a supplemental motion for summary judgment as to the two remaining claims, which is the subject of instant ruling.  The parties have also filed respective motions for judicial notice of documents included with their summary judgment filings.  For the reasons state herein, the motion for summary judgment [Doc. No. 48] is **granted**, and the parties' motions for judicial notice [Doc. Nos. 51, 56] are also **granted**.

I.     **BACKGROUND**

The following allegations are set forth in the Amended Complaint and Defendants' Rule 56(a)(1) Statement.[1]  Because this case is at the summary judgment stage, this Court views the record in the light most favorable to Plaintiffs as the non-moving parties.  See Terry v. Ashcroft, 336 F.3d 128, 139 (2d Cir. 2003).

In February 1990, Plaintiffs obtained a mortgage from Citicorp Mortgage, Inc. by executing a note.  In May 1997, Citicorp Mortgage, Inc. assigned the note and mortgage deed to Ocwen Federal Bank, which subsequently assigned the note and mortgage deed to J.P. Morgan in November 2000.  (Defs.' Rule 56(a)(1) Stmt. ¶¶ 1-4.)  J.P. Morgan then assigned the mortgage's servicing rights to GMAC.  (Compl. ¶ 5).  In June 2002, Plaintiffs fell behind on their mortgage payments and entered into a forbearance agreement ("Forbearance Agreement") on their mortgage with Fairbanks Capital Corporation, the servicer of the note and mortgage at that time.  In January 2004, GMAC returned Plaintiffs' check for their monthly mortgage payment due to insufficient funds.  The following September, Defendants initiated a mortgage foreclosure action against Plaintiffs in Connecticut Superior Court ("Foreclosure Action"), JP Morgan Chase Bank, as Trustee v. Albert S. Rodrigues, et. al, Docket No. FBT-CV-04-4002456-S.[2]

---

[1]     The allegations in Defendants' Rule 56(a)(1) Statement are admitted by Plaintiffs in their Rule 56(a)(2) Statement, except as otherwise noted.

[2]     The parties have filed motions for judicial notice of documents related to the Foreclosure Action.  Defendants have moved for judicial notice of the superior court's rulings in the Foreclosure Action, the Connecticut Appellate Court's review of the superior court's rulings in the Foreclosure Action, and the answer and other documents filed by Plaintiffs in the Foreclosure Action.  Plaintiffs move for judicial notice of a hearing transcript in the Foreclosure Action, the Defendants' motion to dismiss the appeal of

Plaintiffs filed special defenses and counterclaims in the Foreclosure Action.  The four special defenses were: 1) estoppel due to Defendants' failure to honor the Forbearance Agreement; 2) estoppel because of Defendants' breach of the implied covenant of good faith and fair dealing in not honoring the Forbearance Agreement; 3) estoppel because of Defendants' failure to provide a payment record; and 4) estoppel on the basis of Defendants' breach of the Forbearance Agreement.  The three counterclaims alleged in the Foreclosure Action—breach of the Forbearance Agreement, intentional infliction of emotional distress, and violation of CUTPA—are identical to the claims asserted in this case.  In September 2006, the superior court granted Defendants' motion to strike the special defenses and counterclaims.  The court found that the special defenses were not sufficiently related to the "making, validity or enforcement of the note or mortgage" and did not have "any connection with the foreclosure action," and that the counterclaims also failed to "address the making, validity or enforcement of mortgage and note" and "[did] not arise from the same transaction as the foreclosure complaint."  (Defs.' Rule 56(a)(1) Stmt. ¶¶ 40-41.)  Plaintiffs filed an interlocutory appeal of the decision on the motion to strike.  On appeal, the Connecticut Appellate Court affirmed the decision with regard to the counterclaims, but declined to review the propriety of the order striking the special defenses prior to the entry of "a final decision on the merits of the case."  (Id. ¶ 43.)

After trial, the superior court rendered a judgment of foreclosure by sale in favor of Defendants on July 14, 2010.  (Defs.' Rule 56(a)(1) ¶¶ 5, 7-9, 46.)  The court, in its memorandum of decision for the Foreclosure Action, made a number of findings of fact,

---

the judgment in the Foreclosure Action, which was filed with the Connecticut Appellate Court on August 5, 2010, and a November 3, 2010 order by the Connecticut Appellate Court denying the motion to dismiss the appeal.  The parties' motions for judicial notice are granted.

including the following facts relevant to the case at bar.  The court found that Plaintiffs defaulted

on the Forbearance Agreement when they issued a check for payment of the mortgage in January

2004 and that checked was returned for insufficient funds. (Id. ¶ 48(a).)  In May 2004, Plaintiffs

signed the 2004 Repayment Agreement with Defendants and made payments in April and May

2004 pursuant to the new agreement.  The court found that Plaintiffs' decision to sign the 2004

Repayment Agreement and the payments made thereunder ratified the 2004 Repayment

Agreement and extinguished the Forbearance Agreement.  (Id. ¶ 48(b)-(d).)  The court also found

that Plaintiffs were in default under the note and mortgage and had made no payments on the

loan for six years, from 2004-2010.  (Id. ¶ 48(f); Defs.' Ex. B at 8.)  The court concluded that the

foreclosure was justified and that Defendants acted equitably and in good faith throughout the

course of their dealings with Plaintiffs.  (Defs.' Rule 56(a)(1) ¶ 45, 48, 50.)  On August 2, 2010,

Plaintiffs filed an appeal of the superior court's ruling, in which Plaintiffs argue that the superior

court erred in granting the motion to strike Plaintiffs' special defenses.

On September 17, 2008, Plaintiffs initiated this action against Defendants.  Plaintiffs

allege that Defendants violated the Forbearance Agreement and acted inequitably by threatening

them with foreclosure and prosecuting the Foreclosure Action.  The Amended Complaint, which

was filed on December 2, 2008, included three counts—breach of the Forbearance Agreement,

intentional infliction of emotional distress, and violation of CUTPA—that are identical to the

counterclaims that were struck by the superior court in the Foreclosure Action.  Following this

Court's previous summary judgment ruling, only the breach of contract and violation of CUTPA

counts remain at issue in this case.  Plaintiffs seek compensatory damages for the breach of

contract and punitive damages, as provided by CONN. GEN. STAT. § 42-110g(d), including attorney fees for the violation of CUTPA.  (Compl. ¶ 12, 17, 21.)

## II.    STANDARD OF REVIEW

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  No genuine issue of material fact exists and summary judgment is therefore appropriate when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  A material fact is one which "might affect the outcome of the suit under the governing law," and an issue is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Libby, Inc., 477 U.S. 242, 248 (1986).  However, "[c]onclusory allegations will not suffice to create a genuine issue." Delaware & Hudson Railway Co. v. Consolidated Rail Corp., 902 F.2d 174, 178 (2d Cir. 1990).

## III.    DISCUSSION

Plaintiffs allege that Defendants breached the Forbearance Agreement by incorrectly asserting that they were in default on their mortgage, pressuring them to enter into a new forbearance agreement, and  threatening them with and pursuing foreclosure.  Plaintiffs also allege that Defendants' conduct violated CUTPA.  (Compl. ¶¶ 8-12, 19.)  Defendants argue that

both claims are precluded by the doctrine of collateral estoppel because they rely on issues that were decided in the Foreclosure Action.

"Collateral estoppel is that aspect of the doctrine of res judicata which serves to estop the re-litigation by parties and their privies of any right, fact or legal matter which is put in issue or has been once determined by a valid and final judgment of a court of competent jurisdiction." Tuchman v. Connecticut, 878 A.2d 384, 396, n. 7 (Conn. App. 2005) (internal citations and quotations omitted); see also LaSalla v. Doctor's Assocs., 898 A.2d 803, 811-812 (Conn. 2006) ("Issue preclusion prevents a party from relitigating an issue that has been determined in a prior suit.") (internal citations and quotations omitted). "The common-law doctrine of collateral estoppel, or issue preclusion, embodies a judicial policy in favor of judicial economy, the stability of former judgments and finality. . . ." Lyon v. Jones, 968 A.2d 416, 429 (Conn. 2009) (internal citations and quotations omitted).

"When determining the preclusive effect of a state court judgment, a court must apply the preclusion law of the rendering state." Book v. Mtg. Elec. Reg. Sys., 608 F. Supp. 2d 277, 286 (D. Conn. 2009) (citing Kulak v. City of New York, 88 F.3d 63, 71 (2d Cir. 1996)); see also Sullivan v. Gagnier, 225 F.3d 161, 166 (2d Cir. 2000).  In Connecticut, an issue is subject to collateral estoppel when it satisfies the following elements:  1) it was fully and fairly litigated in the first action; 2) it was actually decided; and 3) the decision was necessary to the judgment. Golino v. City of New Haven, 950 F.2d 864, 869 (2d Cir. 1991); R&R Pool & Patio v. Zoning Board of Appeals, 778 A.2d 61, 68-69 (Conn. 2001).  An issue has been fully and fairly litigated if the party against whom collateral estoppel is asserted had a "full and fair opportunity" to

litigate that issue in the first action.  Aetna Cas. & Sur. Co. v. Jones, 596 A.2d 414, 425 (Conn.

1991).

> An issue is *actually litigated* if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. . . .  An issue is *necessarily determined* if, in the absence of a determination of the issue, the judgment could not have been validly rendered.

Lafayette v. General Dynamics Corp., 770 A.2d 1, 8-9 (Conn. 2001) (emphasis in original)

(internal citation and quotations omitted); see also Liberty Mut. Ins. Co. v. Lone Star Indus., 967

A.2d 1, 18 (Conn. 2009); Book, 608 F. Supp. 2d at 287.

Collateral estoppel applies even if the first action is being appealed.  Packer v. SN

Servicing Corp., No. 3:04CV1506(MRK), 2008 WL 359411, at *3 n.9 (D. Conn. Feb. 7, 2008);

see also Carnemolla v. Walsh, 815 A.2d 1251, 1257 (Conn. App. Ct. 2003) ("[R]es judicata may

apply despite the fact that the judgment on which it is based has been appealed"); LaBow v.

Rubin, 897 A.2d 136, 143 (Conn. App. 2006) ("[A] pending appeal does not preclude the

application of the narrower doctrine of collateral estoppel.")

Defendants argue that Plaintiffs' claims rely on their purported breach of the Forbearance

Agreement, which is an issue that was fully and fairly litigated and actually decided by the

superior court in the Foreclosure Action.  Plaintiffs counter that their special defenses and

counterclaims were never actually litigated because the superior court struck them on procedural

grounds and thus never addressed their merits.  Since the pending appeal of the ruling striking the

special defenses does not affect the application of collateral estoppel, the Court must determine

whether the issues raised in this action have been fully and fairly litigated, actually decided, and

are necessary to the judgment in the prior action.

In support of their argument that collateral estoppel bars the breach of contract and CUTPA claims, Defendants cite Book v. Mtg. Elec. Reg. Sys., 608 F. Supp. 2d 277 (D. Conn. 2009), in which the district court found that the plaintiff's state and federal claims raised issues that were decided in a state foreclosure action involving the same parties, and thus were barred by collateral estoppel. In that case, the plaintiff's complaint, which brought claims for, *inter alia*, Racketeer Influenced and Corrupt Organizations ("RICO") violations, breach of contract, fraud, intentional infliction of emotional distress, and CUTPA violations, challenged the defendant's legal authority to foreclose and alleged that the defendant engaged in improper litigation tactics in the state foreclosure action. The court concluded that the plaintiff "was using this federal RICO and tort action to relitigate issues that were decided in the state court foreclosure suit." Id. at 287. Because the state court found that the foreclosure was justified and could not have validly rendered judgment without a determination of the defendant's legal authority to foreclose, the district court held that the defendant's legal authority to foreclose was necessary to the judgment in the first action and thus could not be relitigated in the second action. "Because [the plaintiff's] claims rely on issues that have been fully and fairly litigated, actually decided, [and are] necessary to the judgment, and identical to the issues decided during the pendency of the mortgage foreclosure suit, collateral estoppel bars him from pursing those claims in this court." Id. at 287-88.

Plaintiffs argue that Book is distinguishable because, in that case, the issue presented in the federal action—the legal authority to foreclose—had been actually decided in the prior foreclosure proceedings, whereas in this case Plaintiffs' counterclaims and special defenses based

on the Forbearance Agreement were never decided on the merits.  Collateral estoppel, however, does not require that the claims have been actually litigated and decided in a prior action, but rather that the *issues* upon which the claims are based were decided in a prior action.  See Byars v. Berg, 977 A.2d 734, 736-38 (Conn. App. 2009) (holding that condominium owner's action against condominium association agents, in which the owner alleged that the association was not legally constituted and its agents lacked authority to enter into contracts or take legal action on behalf of the association, was barred by the doctrine of collateral estoppel because the issues had been raised and decided in the prior foreclosure action between the parties); Ocwen Federal Bank, FSB v. Charles, No. X06CV990168669S, 2003 WL 21267250, at *3-*4 (Conn. Super. May 10, 2003) (holding that the defendants' counterclaims in a strict foreclosure action, which were severed from the strict foreclosure action prior to trial, were barred by the judgment in the strict foreclosure action because issues raised in the counterclaims were litigated and decided in the trial on the strict foreclosure action).

Melief v. New Milford Savings Bank, No. CV 930062250, 1996 WL 168011 (Conn. Super. March 26, 1996) is also instructive because, like the case at bar, it involved plaintiffs who argued that their mortgage holder breached an agreement by foreclosing on their property.  In ruling on the foreclosure action in August 1991, the superior court "concluded that no oral contract existed [between the parties] and that the defendant was entitled to a deficiency judgment."  Id. at *2.  In the subsequent action brought in May 1993, the plaintiffs claimed that, by prosecuting the foreclosure action, their mortgage holder breached an oral agreement wherein the mortgage holder agreed to a "friendly foreclosure" and promised that it would not seek a

9

deficiency judgment. Id. at *1. In granting summary judgment to the mortgage holder on all of plaintiffs' claims, the court held that the plaintiffs were collaterally estopped from relitigating whether an oral agreement existed because the issue had been determined in the prior foreclosure proceeding. Id. at *7-*8.

In this case, the factual foundation of Plaintiffs' breach of contract claim was decided in the Foreclosure Action. Plaintiff's breach of contract claim is based on Defendants' alleged breach of the 2002 Forbearance Agreement, yet the superior court found that the 2002 Forbearance Agreement was extinguished when Plaintiffs signed and made payments under the 2004 Repayment Agreement. The superior court's finding was made after Plaintiffs had a full and fair opportunity at trial to present evidence and raise arguments regarding the validity and enforceability of the Forbearance Agreement. The superior court's finding that the Forbearance Agreement had been extinguished was also necessary to its judgment that foreclosure was justified and appropriate. The issues underpinning Plaintiffs' breach of contract action were decided on the merits in the Foreclosure Action. Thus, Plaintiff's claim that Defendants breached the Forbearance Agreement by foreclosing on them in 2010 is collaterally estopped by the superior court's findings in the Foreclosure Action. Because the breach of contract claim relies on an issue that has been fully and fairly litigated, was actually decided, and was necessary to the judgment in a prior action, the Court grants Defendant's summary judgment motion as to the breach of contract claim.

The superior court also issued factual findings upon which Plaintiffs' CUTPA claim is based. Along with finding that the Forbearance Agreement had been extinguished, the court

found that Defendants acted equitably and in good faith throughout the course of their dealings with Plaintiffs, and that they were justified in foreclosing.  The superior court fully and fairly decided these issues in the Foreclosure Action, and they were necessary to the court's determination that foreclosure was appropriate.  Therefore, Plaintiffs' claim that Defendants acted in bad faith by disregarding the Forbearance Agreement is also collaterally estopped by the findings in the Foreclosure Action.  The Court grants Defendants' summary judgment motion on the CUTPA claim as well.

## IV.    CONCLUSION

For the reasons previously stated, Defendants' Supplemental Motion for Summary Judgment [Doc. No. 48] is **granted,** and the parties' motions for judicial notice [Doc. Nos. 51, 56] are also **granted**.  The clerk shall close the case.

SO ORDERED.

Dated at New Haven, Connecticut, this  20th  day of June, 2011.


_____
           /s/
Peter C. Dorsey, U.S. District Judge
United States District Court

11